IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DUSTIN JONES, et al., | § | |
| | § | No. 67, 2015 |
| Defendants Below-Appellants, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: November 4, 2015
Decided: November 4, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## **O R D E R**

This 4th day of November 2015, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The Public Defender appeals the dismissal of Rule 61 applications filed by eleven defendants who each pled guilty to offenses involving the illegal possession of drugs. As in prior cases, the defendants do not allege that they did not acknowledge their guilt and they do not deny their guilt. Rather, they simply allege that had they known of certain problems at the Office of the Chief Medical Examiner, they would have had more leverage to bargain. In several prior cases, we have rejected the various iterations in

which the Public Defender has made this essentially identical argument.[1] The Superior Court's decision is consistent with that precedent.[2]

(2) In response to the appeal of the Superior Court's judgment dismissing the petitions, the State argues that the Superior Court's determination that the defendants' applications lacked merit was proper, but that the Superior Court erred by not first determining whether the applications were procedurally barred under Criminal Rule 61(i)(1).[3] We do not need to write at length to resolve this appeal.

(3) The State is correct that the Superior Court should have applied the procedural bars. Each of the petitions was filed after the present form of Rule 61 was adopted.[4] Thus, each of the petitions was procedurally barred because none of them "pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent."[5] For that reason, the petitions should have been dismissed. But in any event, under our precedent, the petitions lack merit as none of the defendants have

---

[1] *See Aricidiacono v. State*, __ A.3d __, 2015 WL 5933984, at *3–4 (Del. Oct. 12, 2015); *Anazara Brown v. State*, 117 A.3d 568, 581 (Del. 2015); *Ira Brown v. State*, 108 A.3d 1201, 1205–06 (Del. 2015); *Brewer v. State*, 2015 WL 4606541, at *2–3 (Del. July 30, 2015); *McMillan v. State*, 2015 WL 3444673, at *2 (Del. May 27, 2015); *Patrick L. Brown v. State*, 2015 WL 3372271, at *2 (Del. May 22, 2015); *Carrero v. State*, 2015 WL 3367940, at *2 (Del. May 21, 2015).

[2] *State v. Jones*, C.A. No. 1211019365 (Del. Super. Jan. 14, 2015).

[3] *See* Super. Ct. Crim. R. 61(i)(1) ("A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final . . . .").

[4] Criminal Rule 61 was amended on June 4, 2014. *See* Order Amending Rule 61 of the Superior Court Rules of Criminal Procedure (Del. Super. June 4, 2014). Although some of the defendants argue that the new version of Rule 61 should not apply, the new Rule 61 applies to all "postconviction motions filed on or after" June 4, 2014. *Id.*

[5] Super. Ct. Crim. R. 61(d)(2)(i); *see also* Super. Ct. Crim. R. 61(i)(5) (explaining that Rule 61's bars to relief do not apply to a claim that satisfies this pleading requirement).

pled any basis to avoid the effect of their voluntary and knowing plea of guilty and none has suffered an unjust conviction.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's judgment of dismissal of January 14, 2015 is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

3